JANUARY 7, AND 27, 1845.

## January 7, 1845.

*In the matter of the petition of Royal Stewart,* to prove the will of Sarah Stewart, deceased.　S. H. HAMMOND, for petitioner.

THE CHANCELLOR.　This is an application to prove the will of Sarah Stewart, late of Cleveland in the state of Ohio, deceased, as a will both of real and personal estate.　It appears by the testimony that the testatrix was a feme covert, and was domiciled in the state of Ohio at the time of executing her will and at the time of her death, and that the will was executed there in the presence of two witnesses.　She left real and personal property in the county of Onondaga, to which she was entitled from the estate of her deceased father ; and by the laws ef Ohio, it is established by the testimony, the will of a feme covert is valid.　There must therefore be a decree declaring that the will is duly proved and established as a valid will of personal estate wherever situated, and the decree must be transmitted to the surrogate of the county of Onondaga, with directions to him to grant letters testamentary or of administration with the will annexed thereon, in the same manner as if the said will had been duly proved before him as a will of personal estate.

The will, however, is not valid as a will of real property situated within this state.　For the devise of such property is governed by the *lex loci rei sitæ.*　It is valid, however, as an

*Lex loci : its application to validity of wills.*

appointment of real estate under a power in relation to any real estate which by the laws of this state the decedent was authorized to appoint or dispose of by will, under the provisions of the 110th section of the article of the revised statutes relative to powers. (1 *R. S.* 735.) If any of the real estate therefore was subject to such an appointment, by devise or will, under the will of her father or otherwise, the decree may also declare this will of Mrs. Stewart duly executed for that purpose, and may establish it to that extent, and direct it to be recorded. But as a feme covert has no power to devise lands here, except in the execution of such a power, the decree must declare that the will is not duly proved as a will of real property situated in the state of New-York, except so far as it may operate as an appointment of real estate by a feme covert under a valid power for that purpose.